## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Willie Villery (Reg. No. 00725-039)
Rivers Correctional Institute
P.O. Box 630
Winton, North Carolina 27986

    Plaintiff,

   v.

District of Columbia
The Mayor:  Adrian M. Fenty
Office of the Secretary
1350 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

D.C. Office of the Attorney General
441 Fourth Street, N.W., Suite 600
Washington, D.C. 20001

Corrections Corporation of America, Inc.
10 Burton Hills Boulevard
Nashville, Tennessee 37215

Unity Health Care, Inc.
12210 12th Street, S.E., Suite 120
Washington, D.C. 20003

Greater Southeast Community Hospital
1310 Southern Avenue, S.E.
Washington, D.C. 20032

 and

Gangagee Balkissoon, M.D.
11701 Livingston Road, Suite 308
Fort Washington, Maryland 20744

    Defendants.

Civ. No. 1:10-cv-00630-PLF

## DEFENDANT CORRECTIONS CORPORATION OF AMERICA INC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

2196928.1

Defendant Corrections Corporation of America, Inc. ("CCA"), through counsel and pursuant to FED. R. CIV. P. 12(b)(6) or, in the alternative, FED. R. CIV. P. 56, moves to dismiss Plaintiff's Complaint for failure to state an actionable claim because (1) Plaintiff was never detained at the Correctional Treatment Facility, thus CCA did not owe Plaintiff any duty; and (2) even if Plaintiff was detained at CTF, CCA owes no duty to Plaintiff regarding medical care.

A Memorandum of Points and Authorities is attached and incorporated herewith.[1]

## L. CIV. R. 7 CERTIFICATION

I hereby certify that Plaintiff was advised that Defendant CCA is not a proper party to this action, and was requested to file an Amended Complaint dismissing Defendant CCA on April 19, 2010. Furthermore, although this is a dispositive motion, Plaintiff nevertheless was advised via letter of the instant Motion to Dismiss, and consent was requested, but no response was received from Plaintiff. Despite defense counsels' diligent efforts, consent could not be obtained.

---

[1] In accordance with L. CIV. R. 7(h), Defendant CCA is also filing it's Separate Statement of Uncontroverted Material Facts in support of this Motion.

2196928.1

Dated: April 28, 2010

*Jennifer Holsman*

Daniel P. Struck, Bar No. CO0037
Jennifer L. Holsman, Bar No. 495296
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone:      (602) 263-1700
Facsimile:      (602) 263-1784


Mariana Bravo, DC Bar No. 473809
CARR MALONEY, P.C.
1615 L Street, N.W., Suite 500
Washington, DC 20036
Telephone:      (202) 310-5500
Facsimile:      (202) 310-5555

Attorneys for Defendant *Corrections
Corporation of America, Inc.*


## MEMORANDUM OF POINTS AND AUTHORITIES

I.      **FACTUAL BACKGROUND**

Defendant Corrections Corporation of America, Inc. ("CCA"), operates the Correctional

Treatment Facility ("CTF") under a contract with the District of Columbia.[2]  In addition to

maintaining legal custody of inmates in the CTF and having sole authority to transfer or assign

inmates into or out of the CTF,[3] the Department of Corrections also oversees the Central

Detention Facility ("D.C. Jail").[4]  The CTF and the DC Jail are recognized as separate and

distinct facilities, with different operators.[5]

---

[2] Def't CCA's Separate Statement of Uncontroverted Material Facts ("SOF") ¶ 1; *see also,* D.C. Code § 24.261.01, *et seq.*
[3] D.C. Code § 24-261.01.
[4] D.C. Code § 24-261.03; *see also,* SOF ¶ 1-2.
[5] *Banks v. York,* 515 F.Supp2d 89, 97 (D.D.C. 2007) ("the Central Detention Facility ("D.C. Jail") ... is operated by the District of Columbia Department of Corrections ("DOC"), and the Correctional Treatment Facility ("CTF") ... is operated by the Corrections Corporation of America ("CCA")."); *Cason v. D.C. Dept. of Corrections,* 477 F.Supp2d 141, 143 (D.D.C. 2007) (The District of Columbia Department of Corrections ("DOC") operates the Central

Plaintiff was detained at the DC Jail from December 28, 2006, until November 8, 2007. Plaintiff was *never* detained at the Correctional Treatment Facility and thus never in the custody or control of CCA or any of its employees.[6]

On March 29, 2010, Plaintiff filed the subject lawsuit against the District of Columbia, CCA, Unity Health Care, Greater Southeast Community Hospital, the D.C. Office of the Attorney General and Dr. Gangagee Balkissoon in D.C. Superior Court, alleging that Defendants negligently provided medical treatment while he was detained at both the DC Jail and Correctional Treatment Facility.[7] On April 22, 2010, federal defendant Unity Health Care, Inc., removed this case.

Because Plaintiff was never housed at the Correctional Treatment Facility, CCA respectfully requests that it be dismissed as a defendant in this matter.

## II.   LEGAL ARGUMENT

### A.   Plaintiff was never detained at the Correctional Treatment Facility, thus Defendant CCA owes no duty to him.

"'The elements of a cause of action for negligence are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, and damage to the interests of the plaintiff, proximately caused by that breach.'"[8] In order for any Plaintiff to recover for negligence, there must first be a duty owed by the defendant, and that duty must have been breached. Where, as a matter of law, it is event that there is no duty, the action shall be dismissed for failure to state an actionable claim under Rule 12(b)(6).

"A government and its agents owe no general duty to provide public services ... to

---

Detention Facility, commonly known as the D.C. Jail. An outside contractor, the Corrections Corporation of America ("CCA"), operates the District's Correctional Treatment Facility ("CTF").); *see also,* D.C. Code § 24-211.61 (describing the D.C. Jail and CTF as separate facilities on the D.C. General Hospital Campus).
[6] SOF ¶ 3-4.
[7] Compl., pages 5-7.
[8] *Turner v. District of Columbia,* 532 A.2d 662, 666 (D.C. 1987) (quoting *District of Columbia v. Cooper,* 483 A.2d 317, 321 (D.C. 1984) (citations omitted)).

particular citizens as individuals.  Absent some 'special relationship' between the government and the individuals, the ... duty is to provide public services to the public at large."[9]  As CCA, the operator of the CTF, is an agent of the District of Columbia, the public duty doctrine applies.  In order for Plaintiff to hold CCA liable, he must show a special duty owed by CCA.  Any duty alleged by Plaintiff is necessarily predicated on establishing that Defendant CCA had custody of the Plaintiff, at, or near the time of his alleged injuries.  Yet, that "direct relationship" required by the D.C. Court of Appeals in *Taylor,* is missing from the allegations here.  It is uncontroverted that CCA did not have custody of the Plaintiff at any time.[10]

In short, since CCA did not have custody of the Plaintiff, CCA is an incorrect defendant in this action.  When suit is brought against a party, who is not properly the custodian of the inmate, those causes of action must be dismissed.[11]

### B.   Defendant CCA owed Plaintiff no duty under state law with respect to his medical care.

Even if the Court found that there was some dispute about where Plaintiff was detained, CCA is a private prison operator who, pursuant to a contract with the District of Columbia, is charged with only housing inmates at CTF.  CCA does not have, however, any authority or obligation to provide medical care. Instead, all medical care is provided by Unity, a third-party vendor.

In this case, assuming the allegations in Plaintiff's Complaint are true, and viewing them in the light most favorable to him, Plaintiff still fails to state a claim upon which relief can be granted against CCA.  In fact, Plaintiff's Complaint contains no allegations related to anything

---

[9] *Taylor v. District of Columbia,* 776 A.2d 1208, 1214 (D.C. 2001).
[10] SOF ¶ 3-4.
[11] *Welch v. Kelly,* 882 F.Supp 117, 180 (D.D.C. 1995) (dismissing cause of action against District of Columbia, arising from Plaintiff's incarcerated in the Bureau of Prisons facility). *See also, Golemi v. Creative Food Design,* 116 F.R.D. 73, 77 (D.D.C. 1987) (Awarding Rule 11 sanctions against Cross-Claimant, who alleged claims against wrong defendant, when parties had been put on notice early in proceedings that they had the wrong defendant).

2196928.1

Corrections Corporation of America did, or did not do, that violated the law.  Instead, Plaintiff

identifies several "medical staff", none of whom are or were ever employed by CCA, as failing

to provide him with proper medical care.

Further, Plaintiff's Complaint fails to state an actionable medical negligence claim against

CCA. Plaintiff's Complaint must allege that Defendant CCA "owed a duty of medical care to

[Plaintiff], that the care provided fell short of the prevailing standard at the time of the events,

and that the substandard care was the proximate cause of the injury."[12]  Plaintiff does not, and

cannot, allege that CCA owes him a duty of medical care. CCA had no contractual liability or

responsibility for providing medical care to any inmate.[13]  Therefore, Plaintiff cannot either

establish a duty that was breached by CCA or establish a causal connection between his claims

of medical negligence and conduct by CCA. As Plaintiff cannot establish that Defendants owed

him a duty of medical care; that Plaintiff failed to plead that the care he received fell below the

prevailing standard of care; and  that Plaintiff failed to plead that the substandard care was the

proximate cause of an actual injury, Plaintiff fails to state a claim for medical negligence upon

which relief can be granted. Accordingly, Plaintiff's claims against Defendant CCA must be

dismissed and Defendant's Motion to Dismiss granted.[14]

### III.    CONCLUSION

Based on the foregoing, Defendant CCA respectfully request that this Motion to Dismiss,

---

[12] *Scott v. District of Columbia,* 2006 WL 1409770, *3, No. 05-1853 (RWR), (D.D.C. May 23, 2006) (citing *Eibl v. Kogan,* 494 A.2d 640, 642 (D.C. 1985)); *see also, Kelton v. District of Columbia,* 413 A.2d. 919, 922 (D.C. 1980) (Labeling a claim "medical negligence" does not amount to a cause of action when the "complaint specifies no negligent act and fails to characterize the duty whose breach might have resulted in negligence liability.), *Pannu v. Jacobson,* 909 A.2d 178, 202 (D.C. 2006)(J. Kramer, dissent) ("A lawsuit such as this for medical negligence is a clam against a doctor or other healthcare provider.)

[13] *See* Modification No. 4 to the Operations and Management Agreement by and between the District of Columbia and Corrections Corporation of America, effective April 1, 2003, relating to the provision of medical services to inmates incarcerated at CTF (attached hereto as Exhibit 1)

[14] *See, e.g., Hinton v. Corrections Corp. of Am.,* No. 08-778(RWR), 2009 WL 1651656 (D.D.C. June 11, 2009)(holding that CCA owes no duty to provide medical care to inmates in the District of Columbia, and granting motion to dismiss).

2196928.1

or in the Alternative Motion for Summary Judgment, be granted because: (1) Plaintiff was never

detained at the Correctional Treatment Facility, thus CCA did not owe Plaintiff any duty; and (2)

even if Plaintiff was detained at CTF, CCA owes no duty to Plaintiff regarding medical care.


Dated: April 28, 2010                                       *Jennifer Holsman*
                                       _____
                                       Daniel P. Struck, Bar No. CO0037
                                       Jennifer L. Holsman, Bar No. 495296
                                       JONES, SKELTON & HOCHULI, P.L.C.
                                       2901 North Central Avenue, Suite 800
                                       Phoenix, Arizona  85012
                                       Telephone:       (602) 263-1700
                                       Facsimile:       (602) 263-1784


                                       Mariana Bravo, DC Bar No. 473809
                                       CARR MALONEY, P.C.
                                       1615 L Street, N.W., Suite 500
                                       Washington, DC   20036
                                       Telephone:       (202) 310-5500
                                       Facsimile:       (202) 310-5555

                                       Attorneys for Defendant *Corrections
                                       Corporation of America, Inc.*

2196928.1

## CERTIFICATE OF SERVICE

☒    I hereby certify that on April 28, 2010, I served, via U.S. Mail a true and correct copy of the foregoing to the following who is not a registered ECF user:

> Willie Villery (Reg. No. 00725-039)
> RIVERS CORRECTIONAL INSTITUTE
> P.O. Box 630
> Winton, North Carolina 27986
>
> Plaintiff, *pro se*

☒    I hereby certify that on April 28, 2010, true and correct copies of the foregoing were served via CM/ECF to the following registered attorneys:

> Kymian D. Ray
> U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
> Civil Division
> 555 Fourth Street, N.W., Room E4825
> Washington, D.C. 20530
>
> Attorney for Defendant Unity Health Care, Inc.

*Jennifer Holsman*
_____

2196928.1

# EXHIBIT 1

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

| | | | 1. Contract Number 7005-AA-NS-4-MW | Page of Pages |
|---|---|---|---|---|

| 2. Amendment/Modification Number M0004 | 3. Effective Date 4/1/2003 | 4. Requisition/Purchase Request No. | 5. Solicitation Caption Correctional Treatment Facility |
|---|---|---|---|

Page of Pages: 1   6

6. Issued By:   Code   FL0
OFFICE OF CONTRACTING AND PROCUREMENT
Public Safety Cluster
1923 Vermont Avenue, N.W., Room No. N-224
Washington, D.C. 20001

7. Administered By (If other than line 6)

The Department of Corrections
1923 Vermont Avenue, N.W.
Washington, D.C. 20001

8. Name and Address of Contractor (No. Street, city, country, state and ZIP Code)

Corrections Corporation of America
10 Burton Hills Blvd.
Nashville, TN 37215

Code        Facility

9A. Amendment of Solicitation No.

9B. Dated (See Item 11)

X  10A. Modification of Contract/Order No.
7005-AA-NS-4-MW

10B. Dated (See Item 13)
17-Jul-03

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers ___ is extended. ___ is not extended. Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods: (a) By completing Items 8 and 15, and returning _____ copies of the amendment: (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or fax which includes a reference to the solicitation and amendment number. FAILURE OF YOUR ACKNOWLEDGEMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by letter or fax, provided each letter or telegram makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. Accounting and Appropriation Data (If Required)
THIS IS A "NO ADDITIONAL COST" MODIFICATION

## 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS, IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14

| X | A. This change order is issued pursuant to: (Specify Authority) | Paragraph 19 "Changes Clause" of the Standard Contract Provisions for with the District of Columbia Government Supply and Services Contract, d April 2003 |
|---|---|---|
| X | The changes set forth in Item 14 are made in the contract/order no. in Item 10A. | |
| | B. The above numbered contract/order is modified to reflect the administrative changes (such as changes in paying office, appropriation date, etc.) set forth in Item 14, pursuant to the authority of 27 DCMR, Chapter 36, Section 3601.2. | |
| X | C. This supplemental agreement is entered into pursuant to authority of:   Paragraph 7.1.4.2 Decrease in Per Diem Rate, Contract Ref. 10A WHICH REFLECTS AGREEMENTS BETWEEN THE PARTIES TO MODIFY THE TERMS OF THE CONTRACT | |
| | D. Other (Specify type of modification and authority) | |

E. IMPORTANT:   Contractor   ☐ is not,   X is required to sign this document and return   2   copies to the issuing office.

14. Description of amendment/modification (Organized by UCF Section headings, including solicitation/contract subject matter where feasible.)

THE CONTRACT REFERENCED IN BLOCK 10A HEREBY MODIFIED AS SPECIFIED IN THE ATTACHED 5 PAGES.

ATTACHMENTS:
Standard Contract Provisions, dated April 2003

9

Except as provided herein, all terms and conditions of the document referenced in Item (9A or 10A) remain unchanged and in full force and effect

| 15A. Name and Title of Signer (Type or print) | 16A. Name of Contracting Officer John Soderberg |
|---|---|
| 15B. Name of Contractor | 15C. Date Signed 9/1/03 | 16B. District of Columbia | 16C. Date Si 4/1 |



# MODIFICATION #4 OF THE OPERATIONS AND MANAGEMENT AGREEMENT

## by and between

## THE DISTRICT OF COLUMBIA

### and

## CORRECTIONS CORPORATION OF AMERICA

THIS MODIFICATION OF THE OPERATIONS AND MANAGEMENT AGREEMENT (the "Agreement") is made and entered into as of April 1, 2003, by and between THE DISTRICT OF COLUMBIA, a municipal corporation (the "District") and CORRECTIONS CORPORATION OF AMERICA, a corporation duly organized and existing under the laws of Delaware (the "Operator" or "CCA").

WITNESSETH:



WHEREAS, the District entered into the Agreement, dated January 30, 1997, with the Operator to operate and maintain the Correctional Treatment Facility;

WHEREAS, the District desires to assume Operator's food service obligations under the Agreement;

WHEREAS, the District has assumed Operator's medical service obligations under the Agreement; and

WHEREAS, the Parties desire to amend the Agreement accordingly;

NOW, THEREFORE, for and in consideration of the foregoing and the promises and mutual covenants hereinafter contained, and subject to the conditions herein set forth, the District and the Operator hereby covenant, agree, and bind themselves as follows:

Section 5.4.5 shall be deleted and replaced with the following: "The District shall assume all liability for the provision of all medical services for inmates housed at the Facility and shall render such services in accordance with the Operating Standards; and the Operator shall have no liability therefor. In the event the District fails to provide proper medical services and/or the District's manner of providing medical services interferes with the Operator's ability to comply with Operating Standards shall be considered a material failure for the purposes of Section 9.2.2. The Contract Monitor



shall administer all inmate grievances related to medical service, and the Operator shall have no responsibility or liability therefor except as set forth herein. The District shall indemnify, hold harmless and defend CCA, its employees, agents, servants and representatives from and against any and all claims and demands of whatever nature, regardless of the merit thereof, which may be asserted against CCA its employees, agents, servants or representatives related to the provision of medical service by the District or the District's subcontractor. The District's indemnity obligation shall not extend to any act or failure to act by Operator that inhibited the District's ability to render proper medical service, and the Operator shall indemnify the District for any such act or failure to act. In the event CCA desires the District to provide medical screening for potential CCA employees, the District shall provide such service at a rate of $100.00 per potential employee. Other medical services provided by the medical services provider for CCA employees will be charged at the prevailing rates within the District. The District shall reimburse Operator for compensation paid by Operator to CCHPS for services rendered to Facility inmates from November 1, 2002 through March 31, 2003."

**REDACTED**

REDACTED

**REDACTED**

Section 10.1 shall be amended to add: " The Operator shall have no indemnification responsibilities related to the provision of medical or food services except as specifically stated in Sections 5.4.5 and 5.4.6."

This Modification shall be effective on April 1, 2003.

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement as of the date first above written.

**THE DISTRICT OF COLUMBIA**
**("District")**

By: _John L. Soderberg_

Title: _Contracting Officer_

**CORRECTIONS CORPORATION OF AMERICA**
**("Operator")**

BY: _R. T. M._

Title: _VP, Federal Cust. Relations_

13

REVIEWED BY:

G. A. PURYEAR IV
GENERAL COUNSEL

DAVID M. GARFINKLE
VICE PRESIDENT, FINANCE