UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIE VILLERY | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: 10-0630 (PLF) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**FEDERAL DEFENDANT'S MOTION TO
DISMISS AND TO SUBSTITUTE DEFENDANT**

The United States of America, by and through undersigned counsel, hereby moves to dismiss this action pursuant to Rules 12(b)(1) and 12(b)(5) of the Federal Rules of Civil Procedure. Plaintiff has not exhausted his administrative remedies as required under the Federal Tort Claims Act ("FTCA") and Plaintiff has not served the United States a copy of the summons or complaint, pursuant to the Superior Court's Rules of Civil Procedure 4(i)(l). In addition, Plaintiff has named federal employee Unity Health Care, Inc. ("Unity") a defendant. As a federal employee, Unity is immune from suit and the United States must be substituted for Unity as the defendant in this action.

In support of this motion, Defendant respectfully refers the Court to the Declaration of Meredith Torres of the Department of Health and Human Services ("HHS"), Exhibit A.

Dated: April 29, 2010  Respectfully submitted,

        RONALD C. MACHEN JR., D.C. BAR No. 447889
        United States Attorney
        for the District of Columbia

        RUDOLPH CONTRERAS, D.C. BAR No. 434122
        Chief, Civil Division


        By:   /s/
        KYMIAN D. RAY
        Special Assistant United States Attorney
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        (202) 616-2257
        kymian.ray@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE VILLERY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.: 10-0630 (PLF) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FEDERAL DEFENDANT'S MOTION TO DISMISS AND TO SUBSTITUTE DEFENDANT**

The defendant, the United States of America ("Defendant"), through counsel, hereby moves this Court to dismiss the Complaint on the grounds that the Plaintiff has not exhausted his administrative remedies, and has failed to serve the United States with a copy of the Complaint and summons. In addition, the named federal defendant, Unity Health Care, Inc. ("Unity")[1] is immune from suit and the United States must be substituted for Unity as the defendant in this action.

**STATEMENT OF FACTS**

On or about May 16, 2007, through October 23, 2007, Plaintiff Willie Villery was incarcerated at the DC Jail.[2] Compl., ¶ 2. The Plaintiff alleges repeated surgeries and hospitalizations to treat a single hernia during the period from May 16, 2007, through October

---

[1] Unity Heath Care, Inc. is formerly known as Health Care for the Homeless Project, Inc.

[2] The Central Detention Facility (CDF/DC Jail) located at 1901 D Street, S.E., Washington, DC 20003, is an approved delivery site for Unity or its employees or qualified contractors. Exhibit A, Declaration of Meredith Torres of the Department of Health and Human Services ("HHS") ("Torres Decl."), ¶ 3.

23, 2007 resulting in infection.  *Id*. at ¶¶ 8-16.  Specifically, the Plaintiff asserts medical malpractice against Defendant Unity "for employing Greater Southeast Hospital and Gangajee Balkissoon, M.D.[3] to administer medical care and treatment that was of poor quality and resulted in poor medical treatment and pain and suffering to [him]." *Id*. at ¶ 19(c).  The Plaintiff seeks damages in the amount of $3,500,000.  *Id*., Prayer for Relief.

Unity, an HHS grantee, has been deemed to be an employee of the United States of America for purposes of liability under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80 ("FTCA"), by operation of the Federally Supported Health Centers Assistance Act ("FSHCAA" or the "Act") (42 U.S.C. § 233(g)-(n)).  *See* 42 U.S.C. § 233(a)-(b), (g); *See also* Exhibit A.  Attached is a certification pursuant to 28 U.S.C. § 2679 and 42 U.S.C. § 233, certifying that Defendant Unity (or the individuals providing care on its behalf at the CDF), as an employee of the United States, was acting within the scope of its employment during the time of the events alleged in the Complaint.  *See* Exhibit B.[4]

Upon such a certification, the action "shall be deemed to be an action or proceeding brought against the United States under the provisions of [title 28 of the United States Code] and all references thereto, and the United States shall be substituted as the party defendant."  28

---

[3]Gangagee Balkissoon, M.D. (name discrepancy noted) is not a Unity employee.

[4] Defendant submits attachments in support of this Memorandum for the limited purpose of allowing the Court to determine whether it has jurisdiction to consider Plaintiff's claims.  It is well-established that when a defendant challenges the substance of the jurisdictional allegations it may use extraneous evidence to test those allegations without converting the motion into a summary judgment motion.  *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947); *Herbert v. National Academy of Sciences*, 974 F.2d 192, 197-98 (D.C. Cir. 1992); *Boening v. CIA*, 579 F.Supp.2d 166, 169 (D.D.C. 2008); *Lewis v. District of Colmbia*, 535 F. Supp.2d 1, 5 (D.D.C. 2008); *see also Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

U.S.C. § 2679(d)(2); *See also* 42 U.S.C. § 233(g) (exclusive remedy against United States for those deemed to be employees of the Public Health Service).

The Plaintiff has not filed an administrative claim with HHS. Torres Decl. ¶ 4.[5] The Plaintiff filed this case in Superior Court on or about March 29, 2010. *See* Compl. The United States Attorney has never been served as is required under Rule 4(i)(1) of the D.C. Superior Court Rules of Civil Procedure. On April 22, 2010, the United States removed the case from Superior Court to this Court.

### **STANDARD OF REVIEW**

Defendant moves for dismissal under Rule 12(b)(1), as the Court lacks jurisdiction over certain of Plaintiff's claims. "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Thompson v. Capitol Police Board*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), *aff'd*, 346 F.3d 192 (D.C. Cir. 2003), *cert. denied*, 125 S.Ct. 35 (Oct. 4, 2004). In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." *Thompson*, 120 F. Supp. 2d at 81.

A court may resolve a motion to dismiss for lack of subject-matter jurisdiction under Rule

---

[5] Because Unity has been deemed to be an employee of the federal government for purposes of medical malpractice liability protection under the FTCA, any administrative tort claims against it would be filed with HHS. Torres Decl. at ¶¶ 2-3.

12(b)(1) in either of two ways. First, the court may determine the motion based solely on the complaint. *Herbert v. National Acad. Of Sciences*, 974 F. 2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. *See id.*; *Rann*, 154 F. Supp. 2d at 64.

**ARGUMENT**

    I.    <u>The United States Must be Substituted for Unity</u>

By operation of statute, Unity has been deemed to be an employee of the United States of America for purposes of liability under the FTCA. *See* 42 U.S.C. § 233(a), (g)-(n). Pursuant to 28 U.S.C. § 2679, the United States is the only proper defendant in a suit cognizable under the FTCA, that is, a tort suit seeking monetary damages for injuries caused by federal employees acting within the scope of their federal employment. *See* 28 U.S.C. § 2679. Here, the Plaintiff seeks $3,500,000 for alleged injuries sustained as a result of treatment by Unity, a deemed federal employee for purposes of FTCA liability, certified to have been acting within the scope of its employment at the time of the alleged incident. *See* Compl.; Exhibit A; Exhibit B. Therefore, the United States must be substituted for Unity as a defendant. Once the United States is substituted as the sole defendant under the FTCA, it may assert any defenses available to it as if it had been sued in the first instance. 28 U.S.C. § 2679(d)(4).

    II.    <u>This Court Has No Jurisdiction Because the Defendant has not Received an Administrative Tort Claim</u>.

Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of statutory waiver of such immunity. *United States v. Nordic Village, Inc.*, 503

U.S. 30, 32-34 (1990)("[w]aivers of the Government's sovereign immunity, to be effective, must be 'unequivocally expressed'") (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990)); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Testan*, 424 U.S. 392, 399 (1976).  A waiver of sovereign immunity must be clear and unequivocal and must be strictly construed in favor of the sovereign.  *Ardestani v. INS*, 502 U.S. 129, 137 (1991) (citing *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986) and *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1986)); *see also Department of the Army v. FLRA*, 56 F.3d 273, 277 (D.C. Cir. 1995) ("the statutory waiver provision must unambiguously establish that it extends to the award of money damages"), *rehearing denied*; *Haase v. Sessions*, 893 F.2d 370, 373 (D.C. Cir. 1990) ("waivers of sovereign immunity, the Supreme Court has repeatedly reminded us, must be narrowly construed").  The construction of the statute favoring the sovereign must be followed as long as it is "plausible."  *Nordic Village*, 503 U.S. at 37.

      The FTCA defines the terms upon which the United States may be sued for certain torts and "absent <u>full compliance</u> with the conditions ... placed upon its waiver, courts <u>lack jurisdiction</u> to entertain tort claims against it."  *GAF Corp. v. United States*, 818 F. 2d 901, 904 (D.C. Cir. 1987) (emphasis added).   28 U.S.C. § 2675(a) reads as follows:

> An action <u>shall not</u> be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death ... unless the claimant shall have <u>first</u> presented the claim to the appropriate Federal agency and <u>his claim shall have been finally denied</u> by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

(emphasis added).  The statute is "unambiguous" and courts are "not free to rewrite the statutory text" of the FTCA.  *McNeil v. United States*, 508 U.S. 106, 111 (1993).  "Congress intended to

require complete exhaustion of Executive remedies before invocation of the judicial process . . . The interest in orderly administration of [FTCA] ... litigation is best served by adherence to the straightforward statutory command." *Id*. at 112.  As our Circuit has explained: "[t]he FTCA's mandatory administrative filing requirement is not to be confused with the prudential, judge-made exhaustion doctrine. . . the jurisdictional FTCA filing requirement is not subject to equitable waiver." *Hohri v. United States*, 782 F.2d 227, 245 (D.C. Cir. 1986); *see also United States v. Kubrick*, 444 U.S. 111, 113, 117-18 (1979) (discussing presentment requirement of 28 U.S.C. § 2401(b)); *Schuler v. United States*, 628 F.2d 199, 201 (D.C. Cir. 1980) (Section 2401(b) requires both timely presentment of an administrative claim and timely filing of a complaint after the agency's final denial of the administrative claim); *Hinton v. United States*, 660 F.Supp.2d 22, 26-27 (D.D.C. 2009) (dismissing FTCA claim because plaintiff had not first exhausted administrative remedies before filing suit); *Schneider v. Kissinger*, 310 F.Supp.2d 251, 269-70 (D.D.C. 2004) (dismissing FTCA claims because plaintiffs had not "complete[d] the administrative process before coming to court").

      Because the United States has not waived its sovereign immunity in situations where a plaintiff has failed to comply exactly with the provisions governing administrative tort claims, this suit must be dismissed.  Plaintiff filed this lawsuit without first engaging the administrative procedures to allow HHS to consider the claim.  Torres Decl. ¶ 4.  This is in direct conflict with the explicit requirements of the FTCA that a lawsuit may not be initiated until a claim has been denied or 180 days have passed since the filing of the claim.  28 U.S.C. § 2675(a).  Defendant is aware that the Plaintiff filed a "Letter of Intent–Threatening Litigation" in Superior Court on or about September 1, 2009 and served upon Unity on or about September 9, 2009.  *See* Exhibit C.

The Letter alleges medical malpractice against Unity, however, it fails to state or specify any damages sought. To satisfy the administrative filing requirement under the FTCA, a claimant must provide to the relevant agency (1) a written statement describing the incident or injury sufficient to enable the agency to begin its own investigation and (2) a sum-certain claim for damages. *GAF Corp.*, 818 F. 2d at 917, 919. Accordingly, Plaintiff's Letter does not meet the mandatory administrative filing requirements as it contains no claim for damages and was not filed with HHS. *See Martin v. Locke*, 659 F.Supp.2d 140, 151-52 (D.D.C. 2009) (dismissing plaintiff's tort claim for failure to exhaust administrative remedies when plaintiff's letters to defendant employer regarding alleged incident "did not affirmatively state that plaintiff was seeking damages...under the FTCA...and did not provide a sum certain"); *Hinton*, 660 F.Supp.2d at 26-27 ("'the federal government [does not have] any obligation to inform [plaintiff] of [the alleged tortfeasor]'s employment status' as a federal government employee") (quoting *Norman v. United States*, 467 F.3d 773, 777) (D.C.Cir.2006)). Plaintiff's failure to properly adhere to the FTCA's administrative claim requirements is fatal. *Hinton*, 660 F.Supp.2d at 26. Therefore, this Court is without jurisdiction and the Complaint should be dismissed as to the federal defendant. *See id*.

   III.  <u>Plaintiff Has Not Served the United States</u>

  The United States Attorney has never been served as is required under Rule 4(i)(1) of the D.C. Superior Court Rules of Civil Procedure. Specifically, proper service on an agency, officer or employee of the United States is only accomplished:

> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the

United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

(B)   by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia . . . .

Sup. Ct. R. Civ. P. 4(i)(l).

To date, Plaintiff has not complied with Rule 4's requirements. Notably, no summons has been issued to the United States attorney or to the Attorney General. Thus, the Plaintiff's Complaint should be dismissed for insufficiency of service of process.

## **CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed against the United States.

Dated: April 29, 2010             Respectfully submitted,

RONALD C. MACHEN JR., D.C. BAR No. 447889
United States Attorney
for the District of Columbia

RUDOLPH CONTRERAS, D.C. BAR No. 434122
Chief, Civil Division


By:      /s/
KYMIAN D. RAY
Special Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 616-2257
kymian.ray@usdoj.gov

CERTIFICATE OF SERVICE

    I certify that on April 29, 2010, I caused copies of the foregoing Motion to Dismiss to be served by first class mail upon:

WILLIE VILLERY
No. 00725-039
Rivers Correctional Institute
P.O. Box 630
Winton, NC 27986

                                                  By: /s/
                                                  KYMIAN D. RAY
                                                  Special Assistant United States Attorney
                                                  555 Fourth Street, N.W.
                                                  Washington, D.C. 20530
                                                  (202) 616-2257
                                                  kymian.ray@usdoj.gov