UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIE VILLERY                              :
Reg. No. 00725-039                          :
Rivers Correctional Institute               :
P.O. Box 630                                :
Winton, North Carolina 27986                :
                                            :
        Plaintiff                           :
                                            :
        v.                                  :   C.A. No. 10-0630(PLF)
                                            :
DISTRICT OF COLUMBIA                        :
THE MAYOR:  ADRIAN M. FENTY                 :
Office of the Secretary                     :
1350 Pennsylvania Avenue, N.W.              :
Washington, D.C.  20004                     :
    and                                     :
DC OFFFICE OF THE ATTORNEY GENERAL          :
441 4th Street, N.W., Suite 600             :
Washington, D.C.  20001                     :
    and                                     :
CORRECTIONS CORP. OF AMERICA, INC.          :
10 Burton Hills Boulevard                   :
Nashville, Tennessee  37215                 :
    and                                     :
UNITY HEALTH CARE, INC.                     :
1220 12th Street, SE, Suite 120             :
Washington, D.C. 20003                      :
    and                                     :
GREATER SOUTHEAST COMMUNITY                 :
 HOSPITAL                                   :
1310 Southern Avenue, S.E.                  :
Washington, D.C.  20032                     :
    and                                     :
GANGAGEE BALKISSOON, M.D.                   :
11701 Livingston Road, Suite 308            :
Fort Washington, Maryland  20744            :
                                            :
        Defendants                          :

DEFENDANT GANGAGEE BALKISSOON, M.D.'S ANSWER TO COMPLAINT

COMES NOW the Defendant, Gangagee Balkissoon, M.D., by

and through counsel, M. Kathleen Fallon, Esquire and the law firm of Brault Graham P.L.L.C., and in Answer to the Complaint filed herein states as follows:

## FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted, therefore, it must be dismissed.

## SECOND DEFENSE

As to the individual enumerated paragraphs asserted in the Complaint, this Defendant states as follows:

1.   The allegations contained in paragraph 1 are denied.

2.   This Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 2 and, therefore, demands strict proof thereof.

3.   The allegations contained in paragraph 3 relate to a Co-Defendant and therefore require no response from this Defendant.

4.   The allegations contained in paragraph 4 relate to a Co-Defendant and therefore require no response from this Defendant.

5. The allegations contained in paragraph 5 relate to a Co-Defendant and therefore require no response from this Defendant.

6. The allegations contained in paragraph 6 are denied.

7. The allegations contained in paragraph 7 are denied.

8. As to the allegations contained in paragraph 8, this Defendant admits that he performed surgery on the Plaintiff on May 16, 2007 at Greater Southeast Community Hospital. The remainder of the allegations contained in paragraph 8, as framed, are denied.

9. As to the allegations contained in paragraph 9, this Defendant admits that he performed surgery on the Plaintiff on July 25, 2007 at Greater Southeast Community Hospital. The remainder of the allegations contained in paragraph 9, as framed, are denied.

10. This Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 10 and, therefore, demands strict proof thereof.

11. This Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 11 and, therefore, demands strict proof thereof.

12. This Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 12 and, therefore, demands strict proof thereof.

13. The allegations in paragraph 13 are denied.

14. The allegations in paragraph 14 are denied.

15. The allegations contained in paragraph 15, as framed, are denied.

16. The allegations contained in paragraph 16, as framed, are denied.

17. This Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 17 and, therefore, demands strict proof thereof.

18. This Defendant incorporates by references his responses to paragraphs 1 through 17 above.

19. The allegations contained in paragraph 19 are denied.

20. The allegations contained in paragraph 20 are denied.

21. As to the allegations contained in paragraph 21, this Defendant denies that the Plaintiff is entitled to the damages alleged.

22. This Defendant incorporates by reference his responses to paragraphs 1 through 21 above.

23. The allegations contained in paragraph 23 are denied.

24. As to the allegations contained in paragraph 21, this Defendant denies that the Plaintiff is entitled to the damages alleged.

All allegations not specifically admitted are denied.

### THIRD DEFENSE

The Defendant, Gangagee Balkissoon, M.D., formally denies negligence on his part, and stats that at all times the treatment rendered to Plaintiff was within the appropriate standard of care.

### FOURTH DEFENSE

The Plaintiff's alleged injuries/damages were not caused by or contributed to by any act or omission on the part of this Defendant.

### FIFTH DEFENSE

The injuries alleged in the Complaint are the result of natural disease and/or body processes for which this Defendant is not in control, and therefore, cannot be responsible.

### SIXTH DEFENSE

This Defendant formally asserts the defense of contributory negligence and assumption of the risk for

application in the event that discovery reveals facts which support these defenses.

### SEVENTH DEFENSE

The Defendant reserves the right to assert that the Plaintiff failed to take reasonable measures to mitigate any damages that may have been sustained as a result of alleged acts of this Defendant.

### EIGHTH DEFENSE

The Complaint contains allegations of errors and/or omissions on the part of parties, individuals or entities over whom this Defendant has no control and, therefore, denies liability for same.

### NINTH DEFENSE

This Defendant formally raises the defense of statute of limitations for application in the event that discovery reveals facts that establish that this action is time barred.

WHEREFORE, having fully answered, the Defendant, Gangagee Balkissoon, M.D. prays that the Complaint filed against him be dismissed, with costs.

Respectfully submitted,

BRAULT GRAHAM, P.L.L.C.


_____
M. Kathleen Fallon, #391421
101 South Washington Street
Rockville, Maryland 20850
301-424-1060
mkfallon@braultgraham.com
Attorney for Defendant
Gangagee Balkissoon, M.D.



**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of May, 2010, I caused a copy of the foregoing Answer to be sent by first-class mail, postage prepaid, to:

Willie Villery
R00725-039
Rivers Correctional Institution
P.O. Box 630
Winton, North Carolina   27986
*Plaintiff, pro se*

Kymian D. Ray, Esq.
Special Assistant United States Attorney
U.S. Attorney's Office – District of Columbia
Civil Division
555 Fourth Street, N.W.
Room E4825
Washington, D.C.   20530
*Attorney for Defendants Unity Health Care, Inc.*

Daniel P. Struck, Esq.
Jennifer L. Holsman, Esq.
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, Arizona   85012

```
Mariana Bravo, Esq.
Carr Maloney, P.C.
1615 L Street, N.W.
Suite 500
Washington, D.C.  20036
```
*Attorneys for Defendant Corrections Corporation of America, Inc.*

                                              /s/ M. Kathleen Fallon
                                              M. Kathleen Fallon