# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

WILLIE VILLERY
            Plaintiff,
   v.

DISTRICT OF COLUMBIA, et al.

            Defendants.

Case No. 1:10-cv-00630-PLF

## DISTRICT OF COLUMBIA'S MOTION TO DISMISS

Defendant District of Columbia ("the District"), pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves for an order dismissing it as a defendant in this action. *Pro se* plaintiff alleges that medical treatment he received while he was incarcerated at the D.C. Jail did not meet the standard of care. Plaintiff also acknowledges that this treatment was provided by contractors to the District of Columbia Department of Corrections, co-defendants Greater Southeast Community Hospital and Unity Health Care. Compl. ¶¶ 6 & 19(c). The District is not liable for torts committed by independent contractors. Consequently, plaintiff has failed to state a claim against the District on which relief can be granted, and the Court should dismiss his claims against the District with prejudice.

The District is not required to seek consent prior to filing this dispositive motion.

Dated: June 18, 2010

                                    Respectfully submitted,

                                    PETER J. NICKLES
                                    Attorney General for the District of Columbia

                                    GEORGE C. VALENTINE
                                    Deputy Attorney General, Civil Litigation Division

        */s/ William B. Jaffe*
        WILLIAM B. JAFFE [DC Bar No. 502399]
        Chief, General Litigation Section III

        */s/ Sarah L. Knapp*
        SARAH L. KNAPP [D.C. Bar No. 470008]
        Assistant Attorney General
        441 Fourth Street, N.W., 6th Floor South
        Washington, D.C. 20001
        (202) 724- 6528 (phone)
        (202) 741-5906 (fax)

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILLIE VILLERY<br>            Plaintiff,<br>     v.<br><br>DISTRICT OF COLUMBIA, et al.<br><br>            Defendants. | Case No. 1:10-cv-00630-PLF |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

Plaintiff has failed to state an actionable claim for relief against the District. Plaintiff claims he received negligent medical treatment while he was incarcerated at the D.C. Jail. Regardless of the truth of this claim, plaintiff acknowledges that this treatment was provided by co-defendants Greater Southeast Community Hospital ("Greater Southeast") and Unity Health Care ("Unity"), as contractors for the District of Columbia Department of Corrections. Compl. ¶¶ 6 & 19(c). The District is not liable for the acts of an independent contractor. Consequently, plaintiff has no right of recovery against the District and cannot proceed with his claims against it.

**Statement of Facts**

*Pro se* plaintiff, Willie Villery, was allegedly an inmate at the D.C. Jail from May 16, 2007 to October 23, 2007. Compl. ¶ 2. Plaintiff further alleges that, during his incarnation he received medical treatment for a hernia. *See* Compl. ¶¶ 8–16. According to plaintiff, co-defendant Dr. Balkissoon failed to diagnose and properly treat his hernia. Plaintiff claims that as a result of this negligence, he was disfigured developed a MRSA infection and underwent two subsequent that would not have been necessary if Dr. Balkissoon had properly rendered the initial treatment . *Id.*

In addition to the District and Dr. Balkissoon, plaintiff names Corrections Corporation of America ("CCA"), Unity Health Care ("Unity") and Greater Southeast Community Hospital ("Greater Southeast") as co-defendants. Compl. ¶¶ 3-5. The Complaint specifically notes that Unity and Greater Southeast are contractors with the District and CCA. Compl. ¶ 5. According to the Complaint, all medical services were provided at Greater Southeast. *See* Compl. There is no allegation that any of the tortious medical services were provided by the District or its employees. *Id*.

## Standard of Review

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim would entitle him to relief"). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Iqbal*, 129 S. Ct. at 1949. "Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a plaintiff must offer "more than labels and conclusions" to provide "grounds" of "entitle [ment] to relief." *Twombly,* 550 U.S. at 555. A complaint alleging facts which are "'merely consistent with' a defendant's liability, ... 'stops short of the line between possibility and plausibility of 'entitlement to relief.' "*Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly* 550 U.S. at 557) (brackets omitted). The facts contained in plaintiff's complaint do not support the conclusory allegation of medical malpractice committed by the District. Consequently, this action should be dismissed.

2

**Argument**

**1.     The District is not liable for the acts of Greater Southeast and Unity.**

The Complaint does not allege any direct misconduct by the District or its employees. Instead, plaintiff claims that the District is libel for medical malpractice because it is "responsible for [his] safety and medical care in the Department of Corrections *[sic]* prisons." Compl. ¶ 19(a).  This allegation is not sufficient to show that plaintiff could to prevail on the merits of his claim against the District.

"The District's common law and statutory obligation to exercise reasonable care in providing medical services may lawfully be delegated, and the District cannot be held liable without proof of negligence on the part of its officials or employees." *Herbert v. District of Columbia*, 716 A.2d 196, 201 (D.C. 1998).[1]  As acknowledged in the Complaint, the District has a contract with Unity to provide medical services to inmates at the D.C. Jail.  Consequently, as a matter of law, the District is not responsible for plaintiff's medical care and plaintiff's claims against it must be dismissed.

*Herbert* is directly on point.  There, an incarcerated plaintiff sued the District, alleging that the District was liable for the medical malpractice of the contractor it employed to perform

---

[1] "When a person hires another to do certain work, reserving no control over either the work or the workmen, a relationship of contractee and contractor exists (as opposed to master and servant), and the contractee is not liable to a third party resulting from the work of the independent contractor." *Levy v. Currier*, 587 A.2d 205, 209 (D.C. 1991). *Accord W.M. Schlosser Co., v. Md. Drywall Co., Inc.*, 673 A.2d 647, 651 (D.C. 1996); *Wash. Metro. Area Transit Auth. v. L'Enfant Plaza Props., Inc.*, 448 A.2d 864, 868 (D.C. 1982). "This general rule encompasses the view that those using independent contractors should not be held responsible for activities they do not control and often lack the knowledge and resources to direct." *W.M. Schlosser*, 673 A.2d at 651 (citing Restatement (Second) of Torts § 409 cmt. b (1985)). *Casanova v. Marathon Corp.*, 2008 U.S. Dist. LEXIS 72571 at *4–5 (D.D.C. Sept. 24, 2008). .

3

medical services at the D.C. Jail. *Id*. at 197-98. The plaintiff urged the court to rule that the District's duty to care for its prisoners is "non-delegable" and that the District therefore could be held vicariously liable for the negligent care provided by its independent contractor. *Id.* at 199.

The Court did not agree. In affirming a directed verdict in favor of the District, the Court opined:

> This court has recently reiterated that "liability for individualized fault is the norm," and that vicarious liability without fault "is regarded as an exceptional solution." *Traudt v. Potomac Elec. Power Co.*, 692 A.2d 1326, 1339 (D.C. 1997) (citation and internal quotation marks omitted). If we were to adopt the rule urged on us by Ms. Herbert, then the District would become the guarantor of satisfactory performance by [the independent contractor] and its employees, even though the District has no control over that performance in a given case.

*Id.*

Quoting the Supreme Court, the Court concluded:

> [W]e are not persuaded that employees of a contractor with the government, whose physical performance is not subject to governmental supervision, are to be treated as acting on behalf of a federal agency simply because they are performing tasks that would otherwise be performed by salaried employees of the government.

*Id.* (quoting *Logue v. United States*, 412 U.S. 521, 531-32 (1973)).

Here, plaintiff's complaint alleges that the plaintiff suffered "poor medical treatment, pain and suffering and disfigurement" because of his medical treatment while at the DC Jail. Compl. ¶ 19(a). This treatment was not provided by the District. All care was provided by Greater Southeast and Unity. Compl. ¶ 19(c)-(e). Co-defendant Balkissoon worked for Greater Southeast and/or Unity. Thus, it is clear from the face of the Complaint, that the District had no control over how the medical services plaintiff received were performed.

Plaintiff has failed to allege any misconduct on the part of the District or its employees. The District is not responsible for the misconduct of Unity and Greater Southeast or their

4

employees. Hence, plaintiff has not stated a claim on which relief can be granted against the District. Consequently, the Court should dismiss the District as a defendant in this action.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Defendant District of Columbia respectfully requests that this Honorable Court dismiss all claims in the Complaint against it with prejudice.

Dated: June 18, 2010

>Respectfully submitted,
>
>PETER J. NICKLES
>Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General, Civil Litigation Division
>
>
>*/s/ William B. Jaffe*
>WILLIAM B. JAFFE [DC Bar No. 502399]
>Chief, General Litigation Section III
>
>*/s/ Sarah L. Knapp*
>SARAH L. KNAPP [D.C. Bar No. 470008]
>Assistant Attorney General
>441 Fourth Street, N.W., 6th Floor South
>Washington, D.C. 20001
>(202) 724- 6528 (phone)
>(202) 741-0059 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion was filed electronically and was sent via US Mail on June 18, 2010 to:

Willie Villery
#00725-039
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
PETERSBURG, VA  23804

                                              */s/ Sarah L. Knapp*
                                              SARAH L. KNAPP
                                                Assistant Attorney General

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

WILLIE VILLERY

        Plaintiff,

  v.

DISTRICT OF COLUMBIA, et al.

        Defendants.

Case No. 1:10-cv-00630-PLF

## PROPOSED ORDER

Upon consideration of the District of Columbia's Motion to Dismiss, any opposition thereto and the entire record herein, it is this _____ day of _____ 2010;

**ORDERED** that the Defendant's Motion is **GRANTED**; and it is

**FURTHER ORDERED** that all claims against the District of Columbia are dismissed with prejudice.

**SO ORDERED.**

_____
The Honorable **Judge Paul L. Friedman**
Judge, U.S. District Court for the District of Columbia