## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Willie Villery | |
| Plaintiff, | Civ. No. 1:10-cv-00630-PLF |
| v. | |
| District of Columbia, *et al.* | |
| Defendants. | |

## DEFENDANT CCA'S OPPOSITION TO PLAINTIFF'S MOTION TO APPOINT COUNSEL

Defendant Corrections Corporation of America ("CCA"), through counsel, responds to Plaintiff's Motion to Appoint Counsel and respectfully requests this Court deny the motion for the reason that Plaintiff has shown no "exceptional circumstances" which would allow this Court, in its discretion, to appoint counsel to represent him in this matter.

This opposition is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

There is no constitutional right to appointment of counsel at government expense in a civil rights litigation.[1]  Yet, the District Court has discretion in determining whether counsel should be appointed to an unrepresented party.[2]  In evaluating whether the appointment of counsel is appropriate, the Court should consider the four factors enumerated in Local Civil Rule

---

[1] *Willis v. FBI*, 274 F.3d 531, 532 (D.C. Cir. 2001); *see also Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986) (acknowledging that "there is no constitutional right to appointment of counsel in a civil case"); *Storseth v. Spellman*, 654 F 2d. 1349, 1353 (9th Cir. 1981) *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).

[2] *Willis*, 274 F.3d at 532; *see also* 28 U.S.C. § 1915(e)(1) (2000) ("the court may request an attorney to represent any person unable to afford counsel") (emphasis added).

83.11(b)(3), including: (1) the nature and complexity of the action; (2) the potential merit of the pro se party's claims; (3) the demonstrated inability of the pro se party to retain counsel by other means; and (4) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.[3]    Appointment of counsel calls for exceptional circumstances and "is wholly unwarranted when [the movant] has not demonstrated any likelihood of success on the merits."[4]

In this case, the Rule 83.11(b)(3) factors do not weigh in Plaintiff's favor. Specifically, Plaintiff has failed to demonstrate that his very simple civil rights claim is complex for which he would need representation. In addition, the Plaintiff has not provided the Court with any evidence that his claim is likely to succeed on the merits, nor has he cited the existence of any exceptional circumstances that would make appointment of counsel appropriate. Further, the plaintiff has failed to provide evidence to the Court that he has tried to obtain counsel through other means.[5]

Although Plaintiff may experience certain difficulties in proceeding pro se, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved is sufficient to require designation of counsel.[6]    Accordingly, Plaintiff's Motions to Appoint Counsel must be denied.

---

[3] *Gaviria v. Reynolds*, 476 F.3d 940, 943 (D.C. Cir. 2007) (*citing Willis* and stating that Local Civil Rule 83.11(b)(3) provides the framework for evaluating whether counsel should be appointed); see also *Welch v. Kelly*, 882 F. Supp. 177, 178 (D.D.C. 1995) (finding that in evaluating the merits of the plaintiff's claims, the complexity of the issues involved, and the interests of justice did not warrant appointment of counsel).

[4] *Nichols v. Mosbacher*, 959 F.2d 1101 (D.C. Cir. 1992) (*citing* D.C. Circuit Handbook of Practice and Internal Procedures 25-26 (2002)).

[5] *See Gaviria*, 476 F.3d at 943 (holding that, in determining whether to appoint counsel, the court should consider "the demonstrated inability of the pro se party to retain counsel by other means").

[6] *Wilborn*, 789 F.2d at 1331; *Wegganat v. Look*, 718 F 2d. 952, 954 (9th Cir. 1983); *see also, Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990).

Dated: June 22, 2010

Daniel P. Struck, Bar No. CO0037
Jennifer L. Holsman, Bar No. 495296
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:         (602) 263-1700
Facsimile:         (602) 263-1784

Mariana Bravo, DC Bar No. 473809
CARR MALONEY, P.C.
1615 L Street, N.W., Suite 500
Washington, DC   20036
Telephone:         (202) 310-5500
Facsimile:         (202) 310-5555

Attorneys for Defendant *Corrections Corporation of America, Inc.*

2245426.1

## CERTIFICATE OF SERVICE

☒ I hereby certify that on June 22, 2010, I served, via U.S. Mail a true and correct copy of the foregoing to the following who is not a registered ECF user:

> Willie Villery (Reg. No. 00725-039)
> FEDERAL CORRECTIONAL INSTITUTION
> P.O. BOX 1000
> PETERSBURG, VA  23804
>
> Plaintiff, *pro se*

☒ I hereby certify that on June 22, 2010, true and correct copies of the foregoing were served via CM/ECF to the following registered attorneys:

> Kymian D. Ray
> U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
> Civil Division
> 555 Fourth Street, N.W., Room E4825
> Washington, D.C. 20530
>
> Attorney for Defendant Unity Health Care, Inc.

*Jennifer Holsman*
_____