UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE VILLERY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 10-630 (BAH)<br>) |
| DISTRICT OF COLUMBIA, et al. | )<br>) |
| Defendants. | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

**I.   Introduction.**

Plaintiff commenced this case in the Superior Court of the District of Columbia. *See* Compl., ECF No. 8-1. Following removal of this case to this Court, Plaintiff noticed that his complaint lacked several attachments that he claims to have attempted to file along with his complaint in Superior Court. Pl.'s Mot. for Leave to Amend Compl. at 1, ECF No. 17 [hereinafter Mot.]. Plaintiff now moves for leave to amend his complaint to include those attachments. *Id.* This motion will be denied in part as moot to the extent that Plaintiff may amend once as a matter of course and will be granted in part to the extent that Plaintiff needs leave of court to amend.

**II.   Legal Standard.**

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases

a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." Fed. R.Civ. P. 15(a)(2).

A complaint is a pleading to which a responsive pleading is required. Fed. R. Civ. P. 7(a)(2). Therefore, under Rule 15(a)(1)(B), a party has an absolute right to amend its complaint at any time from the moment the complaint is filed until 21 days after the earlier of the filing of a responsive pleading or a motion under Rule 12(b), (e), or (f). *Stone v. Dewey*, No. 10-cv-159, 2011 WL 2784595, at *6 (N.D. Fla. July 14, 2011) (citing *James V. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 283 (D.C. Cir. 2000)). In cases involving multiple defendants, a plaintiff may file an amended complaint as of right concerning only those defendants who, at the time the plaintiff files his amendment, have not yet filed an answer or a Rule 12(b), (e), or (f) motion, as well as those defendants who, at the time the plaintiff files his amendment, have filed an answer or a Rule 12(b), (e), or (f) motion, but who have made that filing exactly or fewer than 21 days before the plaintiff files his amendment. In other words, the plaintiff may *not* file his amendment as a matter of right concerning those defendants who filed an answer or a Rule 12(b), (e), or (f) motion more than 21 days before the plaintiff attempts to make such a filing. *See Scott-Blanton v. Universal City Studios Productions, LLP*, 244 F.R.D. 67, 69 (D.D.C. 2007) (analyzing a previous formulation of Rule 15, which defined the right to amend once as a matter of course by reference only to the filing of a responsive pleading and which terminated that right upon the filing of a responsive pleading, and concluding that "[i]f there is more than one defendant, and not all have served responsive

pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer.").

**III. Analysis.**

Plaintiff commenced this medical malpractice case on March 29, 2010 against the District of Columbia ("the District"); the Office of the Attorney General of the District of Columbia ("OAG"); Corrections Corporation of America, Inc. ("CCA"); Unity Health Care, Inc. ("Unity"); Greater Southeast Community Hospital ("the Hospital"); and Gangagee Balkissoon, M.D. Compl. at 1. On April 28, 2010, CCA moved to dismiss this case under Federal Rule of Civil Procedure 12(b) or alternatively for summary judgment under Federal Rule of Civil Procedure 56. *See* Def. Corr. Corp. of Am. Inc.'s Mot. to Dismiss or, in the Alternative, for Summ. J., ECF No. 2. On April 29, 2010, Unity moved to substitute the United States as the proper federal defendant, and the United States moved to dismiss this case under Rule 12(b). Fed. Def.'s Mot. to Dismiss and to Substitute Def., ECF No. 5. On May 7, 2010, Dr. Balkissoon answered the complaint. Def. Gangagee Balkissoon, M.D.'s Ans. to Compl., ECF No. 9. On June 18, 2010, the District moved to dismiss this case under Rule 12(b). District of Columbia's Mot. to Dismiss, ECF No. 14. Conspicuously absent from the District's motion, however, is any mention of OAG; the motion does not purport to be filed on behalf of OAG as a part of the government of the District, and it does not request that the case against OAG be dismissed. *See id.* It appears, then, that OAG has made no filings in this case. On July 29, 2010, the Hospital answered the complaint. *See* Ans., ECF No. 21.

By operation of the prisoner mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 270–71 (1988), Plaintiff, who is imprisoned, filed his motion to amend on June 29, 2010—the date on which he certifies that he placed his motion in the mail. *See* Mot. at 1. Plaintiff therefore filed

his motion before the Hospital filed its answer.  Because OAG has made no filing, Plaintiff also filed his motion before OAG filed anything.  Although the United States has filed a Rule 12(b) motion, the named defendant—Unity—has filed neither an answer nor Rule 12(b), (e), or (f) motion; Unity has simply filed a motion to substitute.  Therefore, Plaintiff may amend his complaint as a matter of right as to Unity, OAG, and the Hospital.  To the extent that Plaintiff seeks the Court's leave to make that amendment, he does not need it; his motion will be denied in part as moot, and the amendment will simply be accepted as filed as to these defendants.

All other defendants—the District, CCA, and Dr. Balkissoon—filed answers or Rule 12(b) motions, and did so more than 21 days before Plaintiff filed his motion to amend his complaint.  The Court will grant Plaintiff leave to amend as to these defendants.  The omission of the attachments from Plaintiff's complaint in Superior Court appears to have been through no fault of his own; at most, Plaintiff mistakenly "did not use the correct procedure."  Mot. at 1.  In the interest of a complete record, and considering the wide latitude due pro se plaintiffs, *see Konarski v. Donovan*, 763 F. Supp. 2d 128, 135 (D.D.C. 2011), the Court will permit Plaintiff to amend his complaint to include those attachments.

**IV.  Conclusion and Order.**

Plaintiff may amend his complaint as a matter of right as to Unity, OAG, and the Hospital. The motion to amend will therefore be denied in part as moot, and the complaint simply accepted as amended as to these defendants.  The Court will grant Plaintiff leave to amend as to the District, CCA, and Dr. Balkissoon.  The motion to amend will therefore be granted, and the complaint accepted as amended as to these defendants.  The Court will direct the Clerk of the Court to file the amended complaint as a separate docket entry.  The Court will also

give all defendants an opportunity to amend their answers or responsive motions—or to file them in the first place—in light of this amendment.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to Amend Complaint, ECF No. 17, is **GRANTED** in part and **DENIED** as moot in part; it is

**FURTHER ORDERED** that Plaintiff may amend his complaint once as a matter of course concerning Unity Health Care, Inc.; Greater Southeast Community Hospital; and the Office of the Attorney General of the District of Columbia; it is

**FURTHER ORDERED** that leave to amend the complaint is granted concerning the District of Columbia; Corrections Corporation of America, Inc.; and Gangagee Balkissoon, M.D.; it is

**FURTHER ORDERED** that the Clerk of the Court shall post as a new docket entry the Amended Complaint, comprised of pages 4–10 of ECF No. 8-1, and the following exhibits: Peri-Operative Record, ECF No. 8-1, p. 11; Peri-Operative Record, ECF No. 8-1, p. 12; Emergency Department Triage/Initial Assessment, ECF No. 8-1, p. 13; Transfer Summary Form, ECF No. 8-1, p. 14; Letter of Intent, ECF No. 17, p. 3; Letter of Intent, ECF No. 17, p. 4; Letter of Intent, ECF No. 17, pp. 7–8; Letter of Intent, ECF No. 17, p. 9; Letter from Kelly Valentine, Letter of Intent, ECF No. 17, p. 5; Inmate Grievance, ECF No. 17, pp. 10–11; Level 2 Grievance, ECF No. 17, p. 12; Level 3 Grievance, ECF No. 17, p. 13; Inmate Grievance, ECF No. 17, pp. 14; Level 2 Grievance, ECF No. 17, p. 15; Level 3 Grievance, ECF No. 17, p. 16; Receipt, ECF No. 17, p. 17; Letter from Patricia Britton, ECF No. 17, p. 18; Letter from Barbara J. Steward, ECF No. 17, p. 19; it is

**FURTHER ORDERED** that the District of Columbia may file an amended version of the District of Columbia's Motion to Dismiss, ECF No. 14, on or before November 14, 2011; it is

**FURTHER ORDERED** that the Office of the Attorney General of the District of Columbia shall file its answer or a motion under Rule 12(b), (e), or (f) on or before November 14, 2011; it is

**FURTHER ORDERED** that the Corrections Corporation of America, Inc. may file an amended version of Defendant Corrections Corporation of America, Inc.'s Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 2, on or before November 14, 2011; it is

**FURTHER ORDERED** that Unity Health Care, Inc. shall file its answer or a motion under Rule 12(b), (e), or (f) on or before November 14, 2011; it is

**FURTHER ORDERED** that Greater Southeast Community Hospital may file an amended version of its Answer, ECF No. 21, on or before November 14, 2011; it is

**FURTHER ORDERED** that Gangagee Balkissoon, M.D., may file an amended version of Defendant Gangagee Balkissoon, M.D.'s Answer to Complaint, ECF No. 9, on or before November 14, 2011; and it is

**FURTHER ORDERED** that if any party that is herein granted leave to amend a previously filed motion or answer declines to file such an amendment, such party's earlier unamended filing shall be considered as though directed at the Amended Complaint.

**SO ORDERED** this 27th day of October, 2011.

/s/
BERYL A. HOWELL
United States District Judge