UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIE VILLERY,<br><br> Plaintiff,<br><br>  v.<br><br>DISTRICT OF COLUMBIA, et al.<br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 10-630 (BAH) |

## MEMORANDUM OPINION AND ORDER

  Plaintiff commenced this medical malpractice case in the Superior Court of the District of Columbia against, among others, Unity Health Care, Inc. ("Unity"). *See* Compl., ECF No. 8-1. Unity removed the case to this Court. *See* Notice of Removal of Civil Action, ECF No. 1. Unity then moved to substitute the United States as Defendant, pursuant to a certification under the Westfall Act that Unity was a federal employee acting in the scope of its employment, and the United States moved to dismiss this case. Fed. Def.'s Mot. to Dismiss and to Substitute Defendant at 1, ECF No. 5. Plaintiff later amended his complaint, still naming Unity as a defendant. *See* Compl., ECF No. 32. In response, the United States asserted that it had been substituted for Unity upon the Westfall certification, Fed. Def.'s Mot. to Dismiss at 1 n.1, ECF No. 36 [hereinafter Mot.], and the United States again moved to dismiss the amended complaint, *id.* at 1.

  The United States' earlier motion to dismiss will be denied as moot because it has been replaced by the later motion to dismiss. Unity's earlier motion to substitute will also be denied

1

as moot, not because it has been replaced by a later motion to substitute, but because Unity need not move for such substitution, which occurred automatically.

The Health Resources and Services Administration (HRSA), a component of the U.S. Department of Health and Human Services (HHS), has deemed Unity to be a federal employee. Ex. B (Letter from James Macrae, Associate Administrator, HRSA, HHS, to Vincent A. Keane, Executive Director, Unity (Dec. 19, 2006)), ECF No. 1; *see* 42 U.S.C. § 233(g) (governing employee deeming by HHS). Under the Westfall Act, when a federal employee is sued in a tort action that is commenced in state court, the Attorney General may certify "that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(2). The Attorney General, through Rudolph Contreras, Chief of the Civil Division of the Office of the United States Attorney for the District of Columbia, has certified that Unity was acting within the scope of its deemed employment at the time of the incidents out of which this case arises. Ex. B (Certification), ECF No. 36-3.

Upon a Westfall certification, an action originating in state court "shall be removed . . . to the district court of the United States for the district and division embracing the place in which the action . . . is pending." *Id.* Hence the removal of this case to this Court. Upon such a certification, a removed action also "shall be deemed to be an action . . . brought against the United States" under the Federal Tort Claims Act "and the United States shall be substituted as the party defendant." *Id.* Such substitution occurs automatically. *Majano v. United States*, 469 F.3d 138, 140 (D.C. Cir. 2006). Therefore, Unity's motion for substitution, made along with the United States' earlier motion to dismiss, is moot. Indeed, Unity is no longer a defendant in this case. As the United States properly points out in its later motion to dismiss, "the United States

*was substituted* for Defendant Unity" upon the Westfall certification, which was made before Unity made its motion to substitute. Mot. at 1 n.1 (emphasis added).[1]

Accordingly, it is hereby

**ORDERED** that the Federal Defendant's Motion to Dismiss and to Substitute Defendant, ECF No. 5, is **DENIED** as moot.

**SO ORDERED** this 17th day of November, 2011.

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge

---

[1] Though automatic, such a substitution is not conclusive. *Taylor v. Clark*, No. 11-cv-1071, 2011 WL 5248235, at *2 (D.D.C. Nov. 4, 2011). "Indeed, '[a] plaintiff may contest the Attorney General's scope-of-employment certification before a district court.'" *Id.* (quoting *Wuterich v. Murtha*, 562 F.3d 375, 381 (D.C. Cir. 2009)) (alteration in original). Plaintiff can contest the certification in his response to the United States' motion to dismiss the amended complaint.